I dissent as to that part of the opinion dealing with the defendants' counterclaim for wrongful repossession. The Bank sued the defendants for a deficiency as a result of the defendants' alleged default on a promissory note and the Bank's subsequent foreclosure and sale of the collateral. The defendants pleaded accord and satisfaction as a defense to the claim of a deficiency. The defendants also counterclaimed for damages based on wrongful repossession and sale of the collateral in a commercially unreasonable manner. Defendants contend that the Bank wrongfully declared the notes in default and therefore that the repossession and disposal of the collateral were wrongful. While it may be that the premise is true, under these facts the conclusion does not follow.
The promissory note at issue authorized the Bank to accelerate the note if the prospect of payment by the defendants was impaired. Code 1975, § 7-1-208, imposes the requirement that the Bank act in good faith in determining whether the prospect of payment is impaired. If the Bank had only declared the loan in default and sued on the note instead of repossessing the collateral,[1] the defendants' means of contesting the propriety of the acceleration of the note would have been through a defense of lack of good faith in the determination that the prospect of payment was impaired. It is not the action of the Bank in declaring the note in default that gives rise to a wrongful repossession action; rather, it is the subsequent taking and disposing of the collateral without right that gives rise to such a claim. Cf. Ford MotorCredit Co. v. Jackson, 347 So.2d 992 (Ala.Civ.App. 1977). The difference between Jackson and this case is that in Jackson the creditor wrongfully declared the debtor to be in default and immediately took possession of the collateral, while in this case, after the Bank concluded that the prospect of payment was impaired, it negotiated with the defendants as to how to rectify the situation.[2] One of the options presented — the one ultimately acted upon — was for the defendants to turn over the collateral. The defendants did so and then signed several releases, which in pertinent part state:
 "TO: Farmers Merchants Bank Centre, Alabama 35960
 "This is to authorize and direct you to foreclose the Bank's lien evidenced by note-security agreement executed by me to said Bank on January 25, 1982, as to the following described personal property, viz:
". . . .
 "Said personal property having heretofore been delivered to said Bank by me on or about June 19, 1982. *Page 317 
 "Subsequent to said foreclosure sale, you are further authorized and directed to apply the proceeds received therefrom to the indebtedness evidenced by said security agreement."
The defendants having signed this release, I believe that they are prohibited from now asserting that the repossession of the collateral was wrongful; the release clearly shows that the Bank's taking possession of the collateral was authorized and directed by the defendants. The defendants may have had a claim for fraud in the procurement of the releases. However, no claim that the releases were procured by fraud, i.e., that the defendants were induced to sign them by the Bank's misrepresentation that defendants were in default, was presented to the jury. In fact, the defendants depend upon the releases to support their accord and satisfaction defense.
In summary, the Bank was entitled to a directed verdict on the wrongful repossession claim, because the release conclusively proved that the taking of the collateral was not wrongful. Therefore, there was no basis for awarding defendants any compensatory or punitive damages on that claim.
[1] Code 1975, § 7-9-501(1), provides that after default the secured party "may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure." The creditor has the option as to which remedy he will pursue. 9 R. Anderson, Uniform Commercial Code § 9-501:11 (3d ed. 1985). As will be discussed in this opinion, the Bank in fact contemplated several courses of action.
[2] While the jury apparently concluded that the statement "Would you sign a release on these trucks so I can go ahead and sell them so I won't have to sue you and go through that court proceeding?" was an offer not to sue for a deficiency and gave rise to an accord and satisfaction, the statement may have been meant to indicate a desire to avoid reducing the Bank's claim to judgment or enforcing the security interest by judicial foreclosure.